UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**STEPHEN POSSI,**
individually and on behalf of
all others similarly situated,

    Plaintiff,

  v.

**SYNERGY INDUSTRIAL CORPORATION,**

**WARREN K. HAEBERLE,**

  and

**BRIAN DEMURI HAEBERLE,**

    Defendants.

CASE NO. 19-CV-01599
JURY TRIAL DEMANDED

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Stephen Possi, individually and on behalf of the members of the proposed classes identified below. Plaintiff Possi and the putative class members are, or were, hourly employees for Defendants Synergy Industrial Corporation, Warren K. Haeberle, and Brian Demuri Haeberle (collectively "Defendants" hereinafter) at times since October 30, 2016. Since that time, Defendants have had a common policy and practice of failing to compensate their hourly employees for all hours worked in excess of forty in a given workweek at the applicable overtime premium rate. As a result of these

common policies and practices, Defendants have failed to compensate Plaintiff Possi and the putative class members for overtime wages dues in violation of the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin wage and hour laws.

2. Plaintiff Possi brings this action, individually and on behalf of other similarly-situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, declaratory and/or injunctive relief, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Possi also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

4. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendants have substantial and systematic contacts in this district, including operating a facility in Brookfield, Wisconsin.

## **PARTIES**

6. Defendant Synergy Industrial Corporation ("Synergy") is a Domestic Corporation with a principal place of business located in Brookfield, Wisconsin. Synergy's registered agent for service of process in the State of Wisconsin is Warren K. Haeberle located in Brookfield, Wisconsin.

7. Defendant Warren K. Haeberle is an adult resident of Waukesha County in the State of Wisconsin. Warren K. Haeberle is an owner of Synergy who has exercised operational control over both – including setting policies and practices regarding hourly employees' compensation and hours of work – at all times relevant to this matter.

8. Defendant Brian Demuri Haeberle is an adult resident of Waukesha County in the State of Wisconsin. Brian Demuri Haeberle is an owner and/or manager of Synergy who has exercised operational control over both – including setting policies and practices regarding hourly employees' compensation and hours of work – at all times relevant to this matter.

9. Plaintiff Stephen Possi is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Possi is a former hourly employee of Defendants

who worked as a Service Technician and I.T. Manager from approximately January 8, 2017 through September 13, 2019. Possi's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

10. Plaintiff Possi brings this action individually and on behalf of the Collective Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who are or have been employed by Defendants as an hourly employee at any time since October 30, 2016.

11. Plaintiff Possi brings this action individually and on behalf of the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who are or have been employed by Defendants as an hourly employee at any time since October 30, 2017.

12. The Collective Class and the Wisconsin Class will be collectively referred to as the "Classes" hereinafter.

## GENERAL ALLEGATIONS

13. Synergy buys, sells, and offers repair services for hard drives and solid-state drives for computers and other electronic devices out of its location in Brookfield, Wisconsin.

14. Defendant Warren K. Haeberle is an owner of Synergy that has exercised operational control – including controlling and implementing the compensation practices for hourly employees – at all times since October 30, 2016.

15. Defendant Brian Demuri Haeberle is an owner and/or manager of Synergy that has exercised operational control – including controlling and implementing the compensation practices for hourly employees – at all times since October 30, 2016.

16. Plaintiff Possi and the Collective Class work, or have worked, for Defendants as hourly employees at times since October 30, 2016.

17. Plaintiff Possi and the Wisconsin Class work, or have worked, for Defendants in the State of Wisconsin as hourly employees at times since October 30, 2017.

18. Plaintiff Possi and the Classes have been employed by Defendants as hourly employees at times since October 30, 2016.

19. At times since October 30, 2016, Defendants have required Plaintiff Possi and the Classes to track their work hours via an electronic time clock located within Defendants' Brookfield, Wisconsin facility.

20. At times since October 30, 2016, Defendants have suffered or permitted Plaintiff Possi and the Classes to work in excess of forty hours in a given workweek performing their duties as employees of Defendants.

21. At times since October 30, 2016, Defendants have had a common policy and practice of refusing to pay overtime compensation for hours worked in excess of forty in a given workweek.

22. At times since October 30, 2016, Plaintiff Possi and the Classes have recorded their actual hours worked – including hours in excess of forty in a given

workweek – via Defendants' electronic time clock located within its Brookfield, Wisconsin facility.

23. Despite knowing that Plaintiff Possi and the Classes have worked in excess of forty hours in various workweeks since October 30, 2016, Defendants have had common policies and practices of failing to pay Plaintiff Possi and the Classes at a rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a given workweek.

24. As illustrative examples of Defendants' common pay policies and practices applicable to Plaintiff Possi and the Classes, Defendants failed to pay Plaintiff Possi at the proper overtime premium rate for hours that he worked in excess of forty in the workweeks between January 16, 2018 and February 28, 2018. Rather, Defendants only paid Plaintiff Possi as follows in those pay periods:

    a. $16.00 per hour for all 116.05 hours of work performed between January 16, 2018 and January 31, 2018;

    b. $16.00 per hour for all 97.13 hours of work performed between February 1, 2018 and February 15, 2018; and

    c. $16.00 per hour for all 86.62 hours or work performed between February 16, 2018 and February 28, 2018.

25. As a result of the foregoing, Defendants have failed to properly compensate Plaintiff Possi and the Classes at one and one-half times their respective, regular rates of pay for all hours worked in excess of forty in a workweek

in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") and in violation of Wisconsin law.

26. Defendants' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Possi and the Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

27. Plaintiff Possi and the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' common decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked in excess of forty in a workweek at a rate of one and one-half times their respective regular rates. The claims of Plaintiff Possi as stated herein are the same as those of the Collective Class.

28. Plaintiff Possi and the Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice failing to pay employees for all hours worked in excess of forty in a given workweek at one and-one-half times their respective rates of pay.

29. The FLSA Section 216(b) Collective Class's members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the Collective Class via first class mail to the last address known to Defendants and/or via email or text to their last known email addresses or

phone numbers and through posting at Defendants' facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

30. Plaintiff Possi brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after October 30, 2017.

31. The proposed Wisconsin Class's members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are over 40 members in the Wisconsin Class.

32. Plaintiff Possi's claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Synergy and Synergy benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Possi and the other members of the Wisconsin Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

33. Plaintiff Possi is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained counsel experienced in complex wage and hour class action litigation.

34. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, but are not limited to, the following:

   a) Whether Defendants failed to pay Plantiff Possi and the Wisconsin Class for all work Defendants suffered or permitted them to perform in excess of forty hours in a workweek at the applicable rate required by Wisconsin law; and

   b) The nature and extent of class-wide injury and the measure of damages for the injury.

35. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

36. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act – Unpaid Overtime Wages**

37. Plaintiff Possi, individually and on behalf of the Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

38. Since October 30, 2016, Plaintiff Possi and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

39. Since October 30, 2016, Synergy has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

40. Since October 30, 2016, Plaintiff Possi and the members of the Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

41. Since October 30, 2016, Synergy has been an employer of Plaintiff Possi and the Collective Class as provided under 29 U.S.C. § 203(d).

42. Since October 30, 2016, Warren K. Haeberle has been an employer of Plaintiff Possi and the Collective Class as provided under 29 U.S.C. § 203(d).

43. Since October 30, 2016, Brian Demuri Haeberle has been an employer of Plaintiff Possi and the Collective Class as provided under 29 U.S.C. § 203(d).

44. Since October 30, 2016, Synergy has violated the FLSA by failing to pay overtime compensation due to Plaintiff Possi and the Collective Class for each hour worked in excess of forty hours in any given workweek.

45. Plaintiff Possi and the Collective Class are entitled to damages equal to mandated overtime premium pay for all hours worked over forty in given workweek within the three years prior to the filing of this Complaint, plus periods

of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

46. Defendants' failure to properly compensate Plaintiff Possi and the Collective Class was willfully perpetrated and Plaintiff Possi and the Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that Synergy did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Possi and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

48. Pursuant to FLSA, 29 U.S.C. §216(b), Plaintiff Possi and the Collective Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Overtime Wages

49. Plaintiff Possi, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as if restated herein.

50. Since October 30, 2017, Plaintiff Possi and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

51. Since October 30, 2017, Plaintiff Possi and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

52. Since October 30, 2017, Plaintiff Possi and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

53. Since October 30, 2017, Plaintiff Possi and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

54. Since October 30, 2017, Plaintiff Possi and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

55. Since October 30, 2017, Synergy was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

56. Since October 30, 2017, Synergy was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

57. Since October 30, 2017, Synergy was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

58. Since October 30, 2017, Synergy was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

59. Since October 30, 2017, Synergy was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60. Since October 30, 2017, Warren K. Haeberle was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

61. Since October 30, 2017, Warren K. Haeberle was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

62. Since October 30, 2017, Warren K. Haeberle was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

63. Since October 30, 2017, Warren K. Haeberle was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

64. Since October 30, 2017, Warren K. Haeberle was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65. Since October 30, 2017, Brian Demuri Haeberle was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

66. Since October 30, 2017, Brian Demuri Haeberle was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

67. Since October 30, 2017, Brian Demuri Haeberle was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

68. Since October 30, 2017, Brian Demuri Haeberle was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

69. Since October 30, 2017, Brian Demuri Haeberle was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70. Since October 30, 2017, Synergy has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

71. Since October 30, 2017, Synergy has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

72. Since October 30, 2017, Synergy has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

73. Since October 30, 2017, Synergy has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

74. Since October 30, 2017, Synergy has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

75. Since October 30, 2017, Warren K. Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

76. Since October 30, 2017, Warren K. Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

77. Since October 30, 2017, Warren K. Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

78. Since October 30, 2017, Warren K. Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

79. Since October 30, 2017, Warren K. Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

80. Since October 30, 2017, Brian Demuri Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

81. Since October 30, 2017, Brian Demuri Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

82. Since October 30, 2017, Brian Demuri Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

83. Since October 30, 2017, Brian Demuri Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

84. Since October 30, 2017, Brian Demuri Haeberle has employed, and/or continues to employ, Plaintiff Possi and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

85. Since October 30, 2017, Plaintiff Possi and the Wisconsin Class have regularly performed work in excess of forty hours per workweek while employed by Defendants without receiving compensation at one and one-half times their regular rates of pay for such hours worked.

86. Since October 30, 2017, Defendants had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Possi and the Wisconsin Class overtime wages for all hours worked in excess of forty in a given workweek.

87. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

88. The foregoing conduct of Defendants, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime wages.

89. As set forth above, Plaintiff Possi and the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Possi, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid overtime compensation, injunctive relief requiring Synergy to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

90. Under Wis. Stat. §109.11, Plaintiff Possi and the Wisconsin Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

91. Under Wis. Stat. § 109.03(6), Plaintiff Possi and the Wisconsin Class are entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by Synergy.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Possi, individually and on behalf of all members of the Classes hereby respectfully requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Possi as the Named Plaintiff and as representative of the Wisconsin Class;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations;

g) An Order finding that Defendants violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations were willful;

i) Judgment against Defendants in the amount equal to Plaintiff Possi's, the Collective Class's, and the Wisconsin Class's unpaid wages at the applicable overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest; and

l) Such further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff Possi, on behalf of himself and all others similarly-situated, requests a trial by jury on all applicable issues of fact and law as provided by law.

Dated this 30th day of October 2019.

>Respectfully submitted,
>
>**HAWKS QUINDEL S.C.**
>Attorneys for Plaintiffs
>
>By: *s/ Timothy P. Maynard*
>Larry A. Johnson, SBN 1056619
>Summer H. Murshid, SBN 1075404
>Timothy P. Maynard, SBN 1080953
>
>Hawks Quindel, S.C.
>222 East Erie Street, Suite 210
>PO Box 442
>Milwaukee, WI 53201-0442
>Telephone: 414-271-8650
>Fax: 414-271-8442
>Email:   ljohnson@hq-law.com
>         smurshid@hq-law.com
>         tmaynard@hq-law.com