**Settlement Agreement & Release**

The Parties to this Settlement Agreement and Release ("Agreement") are Stephen Possi ("Possi"), both individually and on behalf of the opt-in Plaintiffs who have joined this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class") and the putative Rule 23 class action members (the "Rule 23 Class"), and Synergy Industrial Corporation ("Synergy"), Warren K. Haeberle, and Brian Demuri Haeberle (collectively, "the Defendants").

**Recitals**

WHEREAS, Possi alleges that Synergy had a common policy and practice of failing to compensate him and other hourly employees for all hours worked in excess of forty in a given workweek at the applicable overtime premium rate.

WHEREAS, the Defendants deny the allegations and deny liability.

WHEREAS, the Defendants have provided substantial data and information relevant to Possi's allegations to Possi's Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, the Parties entered into arm's length negotiations and agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Possi, the Collective Class, and the putative Rule 23 Class.

WHEREAS, Hawks Quindel, S.C., has represented Possi and negotiated with Defendants at arm's length throughout this matter to ensure that Possi, the Collective Class, and putative Rule 23 Class are properly compensated for time spent working for Synergy from October 30, 2016, and March 26, 2020.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

I. **General Terms of Settlement**

    A.    For the purpose of settlement only, the Parties agree to stipulate to a FED.R.CIV.P. 23 class as defined in Section IV.A., below (the "Rule 23 Class").

    B.    On January 23, 2020, the Court grated the Parties Joint Motion for Conditional Class Certification (ECF No. 18) and conditionally certified the Collective Class under 29 U.S.C. 216(b) defined in Section IV.B, below (the "Collective Class").

    C.    In exchange for the Release of Claims and other promises contained herein, Synergy, on behalf of itself and the other Defendants, will, in accordance with the manner and timing provided for in Sections III(A)–IV(G), below, make

1

payments to Possi, the Collective Class, the Rule 23 Class, and Class Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

D. Possi understands and acknowledges that, although Defendants are entering into this Agreement and Synergy is making the payments hereunder, Defendants do not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

## II. Release of Claims, Acknowledgments, and Agreement to Cooperate

A. Possi's Release of Claims.

Possi hereby and forever completely releases and discharges the Defendants, including any of their parent companies, subsidiaries, affiliated entities, insurers, predecessors, successors, assigns, officers, directors, shareholders, employees, attorneys and agents, from any and all claims of any kind which arise out of or are in any manner based upon or related to the employment relationship between Possi and Synergy based on any act or omission that occurred at any point up to the date of his signature on this Agreement. Possi's release of claims against the Defendants includes: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action. This release does not waive any claims Possi has against Synergy under workers compensation laws.

B. Rule 23 Class Members Release of Claims.

Upon final approval of this Settlement Agreement, the Rule 23 Class members, as listed in Exhibit A, will release and discharge the Defendants, including their parent companies, subsidiaries, affiliated entities, insurers,

2

predecessors, successors, assigns, officers, directors, shareholders, employees, attorneys and agents, from any and all Wisconsin law claims for unpaid minimum, overtime, and/or agreed upon wages resulting from Synergy's alleged failure to pay overtime wages for all hours worked over forty in a work week between October 30, 2017, and March 26, 2020.

C.     Collective Class Members Release of Claims.

Upon final approval of this Settlement Agreement, the Collective Members whose consent forms have been filed with the Court as of the date of this Agreement, and who are listed in Exhibit A, will release and discharge the Defendants, including their parent companies, subsidiaries, affiliated entities, insurers, predecessors, successors, assigns, officers, directors, shareholders, employees, attorneys and agents, from any and all overtime wage claims under the FLSA resulting from Synergy's alleged failure to pay for all hours worked before that individual's scheduled start time and after that individual's scheduled end time between October 30, 2016, and March 26, 2020.

D.     Defendants' Release of Claims.

Defendants  agree to a full and final release of any and all claims they may have against the Collective Class or Rule 23 Class for repayment of payroll advances issued by Synergy between October 30, 2016, and March 26, 2020, that were relied upon and/or used to offset damages in the settlement calculations of this matter.  Defendants agree that any payroll deductions for payroll advances or attempt by any Defendant to recoup said payments as described in this section shall constitute a breach of this Agreement.

E.     Acknowledgments and Agreement to Cooperate.

Possi acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of overtime compensation, agreed upon wages, liquidated damages, civil penalties, and his legal fees and costs.  Possi further agrees that this settlement represents fair and reasonable compensation for any unpaid wages he may have accrued during his employment with Synergy, inclusive of any claim for liquidated damages.  Possi further acknowledges and agrees he has been given sufficient time to read this Agreement and its attached Exhibits A-E prior to his execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement.  Finally, Possi agrees to direct his counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with Synergy to seek judicial approval of this agreement, including preparation of court required pleadings.

## III.     Settlement Payments

3

A.    **Settlement Fund.**

As consideration for the releases in Section II above, Synergy shall pay $85,000.00 (the "Settlement Fund"). This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, as well as service payments to Possi and opt-in Plaintiffs VandenBurg, Grohall and Holms, as described below. If the Settlement Agreement is not approved by the Court, Synergy will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B.    **Allocation of the Settlement Fund.**

1.    **Service Payments** - $2,000.00 of the Settlement Fund shall be allocated as a service payment to Possi in recognition of him in bringing this claim, serving as the Named Plaintiff and class representative, providing information to and assisting Counsel in bringing this matter as a class action and in obtaining conditional certification of the Collective Class, his insistence that the matter be resolved on class-wide basis, and the assistance he provided Plaintiff's Counsel in bringing this matter to resolution. In addition, $800.00 of the Settlement Fund shall be allocated as a service payment to Dean VandenBurg, $400.00 shall be allocated as a service payment to Michelle Grohall, and $200.00 shall be allocated as a service payment to Jill Holms in recognition of their assistance to Counsel in providing critical information that allowed Counsel to evaluate Synergy's claims and payroll information. Synergy will issue an IRS Form 1099 to each Service Payment recipient for these service payments.

2.    **Attorneys' fees** - $28,903.64 of the Settlement Fund shall be allocated as attorneys' fees and costs. Plaintiff's Counsel will move the Court for an award of attorneys' fees twenty-one days prior to the Fairness Hearing.

3.    **Settlement Fund** – The remaining portion of the Settlement Fund, $52,696.36, shall be paid to the Rule 23 Class and the Collective Class as identified on Exhibit A to this Agreement.

a.    **Rule 23 Class Members** - Each Rule 23 Class Member, who is not a member of the Collective Class, shall receive a pro-rata share of the Settlement Fund in an amount not to exceed the figure set forth for such Rule 23 Class Member in Exhibit A. For tax purposes, two-thirds of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Synergy will report the unpaid wages portion to each Rule 23 Class Member on an IRS Form W2. Where permitted by law, Synergy will make the maximum payroll withholding at the single rate on its unpaid wages payment to each Rule 23 Class Member

4

whose personal information for making tax withholdings cannot be located. One-third shall be attributed to civil penalties for which each Rule 23 Class Member will receive an IRS Form 1099 from Synergy.

b. The Collective Class - Each individual who opted into this matter and is part of the Collective Class, and is also a member of the Rule 23 Class, shall receive a pro-rata share of the Settlement Fund in an amount set forth A for such individual in Exhibit A. For tax purposes, 60% of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Synergy will report the unpaid wages portion to each opt-in plaintiff on an IRS Form W2. Where permitted by law, Synergy will make the maximum payroll withholding at the single rate on its unpaid wages payment to each Collective Class Member whose personal information for making tax withholdings cannot be located. The remaining 40% shall be attributed to liquidated damages for which each opt-in plaintiff will receive an IRS Form 1099 from Synergy.

## IV. Settlement Approval Process.

A. 29 U.S.C. §216(b) Collective Class.

On January 23, 2020, the Court granted the Parties' Joint Stipulation to Conditional Class Certification and conditionally certified the following Collective Class:

> All persons who are or have been employed as hourly employees by Synergy at any time since October 30, 2016.

The Court authorized Notice to be sent to the Collective Class. (ECF No. 19.) During the Notice period, seven individuals returned their consent forms to assert their FLSA claims and joined the Collective Class.

B. Stipulation to FED.R.CIV.P. 23 Class Certification.

For settlement purposes only, the Parties agree to stipulate to FED.R.CIV.P. 23 Class Certification of the following Rule 23 Class:

> All persons who are or have been employed as hourly employees by Synergy between October 30, 2017 and March 26, 2020, whose names appear on Exhibit A to this Agreement and who do not exclude themselves from the Agreement.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit B to this Agreement.

C.   Proposed Notice of Settlement.

A copy of the Parties' proposed Notice of Settlement is attached as Exhibit C to this Agreement and shall be mailed by Class Counsel within 7 days of the Court's Order granting Preliminary Approval.

D.   Preliminary Approval of Settlement.

The Parties will file with the Court, by April 30, 2020, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will draft these documents.  A fully executed copy of this Agreement will be attached to the Motion for Approval.  The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement.  The joint motion will request the following relief:

1.   Preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

2.   Certification of this case as a class action under FED.R.CIV.P. 23 for purposes of this Settlement;

3.   Appointing Stephen Possi as a Class Representative;

4.   Appointing Hawks Quindel, S.C., as Class Counsel pursuant to FED.R.CIV.P. 23(g);

5.   A finding that the Notice to be given constitutes the best notice practicable under the circumstances for distribution to all members of the Rule 23 Class, and that the Notice constitutes valid, due, and sufficient notice to Rule 23 Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

6.   Approving the Notice in the form of Exhibit C for distribution to all Rule 23 and Collective Class Members;

7.   A direction that each potential Rule 23 Class Member who wishes to be excluded from the Rule 23 Class must opt-out per the instructions set forth in the Notice, and that their response must be received within forty-five days of mailing of the Notice;

8.   A direction that any Rule 23 Class Member who has not properly and timely requested exclusion from the Rule 23 Class shall be bound in the event the Court issues a Final Order Approving Settlement;

9.   The conducting of a Fairness Hearing not less than 90 days after the date of the Preliminary Approval Order to determine whether this Settlement Agreement should be approved as fair, reasonable, and

6

adequate and whether the proposed Final Order Approving Settlement should be entered;

10.     A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs 30 days after the date of the Preliminary Approval Order, and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

11.     A direction that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

E.     Objection to Settlement.

Any Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and Counsel for Defendants.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

F.     Request for Exclusion.

Any Class Member who wishes to be excluded from the Rule 23 Class must submit a request for exclusion no later than thirty days after the mailing of the Notice. Any Class Member who fails to submit a timely request to be

excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

G.      Fairness hearing.

On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (i) decide whether to certify the Rule 23 Class; (ii) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

H.      Entry of Final Order Approving Settlement.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement in the form of Exhibit E, pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1.      Certifying the Rule 23 Class pursuant to FED.R.CIV.P. 23;

2.      Certifying the FLSA Collective Class pursuant to 29 U.S.C. §216(b);

3.      Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Collective Class and the Rule 23 Class;

4.      Appointing Possi as Class Representative for the Rule 23 Class and the FLSA Collective Class;

5.      Appointing Hawks Quindel, S.C. as Class Counsel;

6.      Declaring the Settlement Agreement to be binding on the Defendants, Possi, the Collective Class, as well as all of the Rule 23 Class members who have not been excluded;

7.      Dismissing with prejudice the Collective Class Members' released FLSA claims; and

8.      Dismissing with prejudice the Rule 23 Class members' released claims;

9.      Dismissing without prejudice the claims of the Rule 23 Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement; and

10.     Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

I.      Settlement Administration.

If the Court grants Preliminary Approval of this Settlement Agreement, the settlement will be administered by Plaintiff's Counsel. The Parties agree to the following procedure for settlement administration:

1.      Settlement Allocations.  Individual settlement allocations shall be made in at least the amounts set forth in Exhibit A, minus applicable deductions and withholdings as set forth in Part III.B.5 of this Agreement. Each check will indicate that it is void after 90 days.

2.      Issuance of Notice.  Within seven days of the Court's Order granting preliminary approval of the Settlement, Class Counsel will mail the Notice to the Class Members in a form substantially similar to what is attached hereto as Exhibit C and made a part of this Settlement Agreement, along with a self-addressed envelope. The Notice will be sent by first-class U.S. Mail.  The Notice shall inform Class Members of their right to exclude themselves from the settlement, as well as the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

        If the mailing of Notice is returned as undeliverable, Class Counsel shall take other appropriate steps to identify proper current addresses for the Class Members.  If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member.

3.      Payment schedule.  Within thirty days of the Court's Order Finally Approving the Class Action Settlement, Synergy will deliver to Class Counsel all individual settlement checks for those Rule 23 Class members and Collective members listed on Exhibit A.  Within seven days of receiving these checks, Class Counsel will mail them to the class members.  Each settlement check shall indicate on its face that it is void after 90 days of issuance.

4.      *Cy Pres*.  Any payments made from the FLSA Settlement Fund or Wisconsin Settlement fund attributable to checks not cashed after 90 days from date of issuance, shall be paid to the Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA 94612.   Payment to the *cy pres* recipient shall be made within 90 days after the expiration of the last uncashed check.  Each check shall state on the face of the check that it is void after 60 days. Defense Counsel shall send Class Counsel a written accounting of the funds paid to the *Cy Pres* Recipient – including identification of voided checks going to *Cy Pres* – at least 7 days prior to making payment to the *Cy Pres* Recipient.

## V.      Enforcement of Settlement Agreement

The Parties agree to seek dismissal with prejudice of Possi's, the Collective Class

Members', and the Rule 23 Class Members' released claims effective on the date on which the Settlement Agreement is approved by the Court while also ensuring that the Court which has approved the Settlement Agreement retains jurisdiction to enforce the terms of the Settlement Agreement. Accordingly, the Parties agree to submit a proposed Final Order – attached as Exhibit D to this Agreement – which (1) approves the Settlement Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and Wisconsin law; (2) approves an award of Attorneys' fees and costs as fair and reasonable; (3) dismisses the case with prejudice as of the date of entry of such Order, and (4) requests the entry of mandatory injunction against Synergy that:

A.   Orders the Defendants to make payments as set forth in the Settlement Agreement and its Exhibits; and

B.   Consents to the Court's retained jurisdiction over this matter for purposes of enforcing the terms of the settlement agreement and the mandatory injunction.

Nothing in this Agreement shall limit or waive Possi's, the Collective Class Members', and the Rule 23 Class Members' ability to pursue a cause of action arising out of the Defendants' failure to comply with the terms of such mandatory injunction. Failure to timely comply with such mandatory injunction's terms shall result in Possi's, the Collective Class Members', and the Rule 23 Class Members' ability to seek enforcement of the terms of the mandatory injunction, including an award of additional attorneys' fees and costs incurred in any such enforcement action. The Parties specifically consent to the Court's jurisdiction to enforce the Settlement Agreement in this matter and the mandatory injunction over this matter after approval of settlement and that Exhibit D satisfies the requirements of Fed. R. Civ. P. 65(d).

## VI.   Breach

If Defendants breaches this Agreement by failing to make the payment provided herein, Defendants shall have 10 days to cure the breach, from the date it received notice of the breach. Notice shall be provided via regular and email to:

Attorney Sean Scullen
Email: sean.scullen@quarles.com
Quarles & Brady LLP
411 East Wisconsin Avenue
Suite 2400
Milwaukee, WI 53202

Failure to make a payment within 10 days shall constitute a material breach of this Agreement by Synergy Industrial Corporation, Warren K. Haeberle, and Brian Demuri Haeberle. Defendants shall pay any attorneys' fees and costs incurred by Possi, the Collective Class Members, and/or the Rule 23 Class Members in the event of such a breach. If the breach is not cured within 10 days, Class Counsel shall move the Court to enforce the injunction. The Court shall retain jurisdiction over this matter for this sole purpose. Further, Defendants affirmatively states that they do not currently anticipate filing for bankruptcy or any similar insolvency proceeding, and has not retained counsel to

file for or obtain advice regarding potentially filing for bankruptcy.

## VII.    Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VIII.   Entire Agreement

This document and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersede any prior written or oral agreements.  In entering into this Agreement, Possi expressly acknowledges that he is not relying on advice from anyone from Defendants, including Defendants' principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## IX.    Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## X.    Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.


    IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.


5/7/2020
_____
Dated

Stephen Possi on behalf of himself, the
Rule 23 Class, and the Collective Class


_____
Dated

Synergy Industrial Corporation


By:    _____


Its:    _____


11

file for or obtain advice regarding potentially filing for bankruptcy.

## VII. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VIII. Entire Agreement

This document and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersede any prior written or oral agreements. In entering into this Agreement, Possi expressly acknowledges that he is not relying on advice from anyone from Defendants' principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## IX. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## X. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.


Dated _____

_____
Stephen Possi on behalf of himself, the
Rule 23 Class, and the Collective Class

_5/7/2020_____
Dated

Synergy Industrial Corporation

By: _____

Its: _____UP_____

11

5/7/2020

Dated

By: _Warren Haeberle_____

Warren K. Haeberle

5/7/2020

Dated

By: _____

Brian Demuri Haeberle

QB\62965029.1

12

| Name | FLSA Opt-In | Pro Rata % | W2 PAYMENT | 1099 PAYMENT | SERVICE PAYMENT - 1099 | TOTAL |
|---|---|---|---|---|---|---|
| Adrian Hernandez | | 2.69% | $946.15 | $473.08 | | $1,419.23 |
| Alejandro Limon | | 1.81% | $634.59 | $317.29 | | $951.88 |
| Andrea Davis | | 0.50% | $174.27 | $87.14 | | $261.41 |
| Angel Mendoza | | 0.71% | $250.02 | $125.01 | | $375.03 |
| Christian Carrau | Yes | 1.64% | $517.70 | $345.13 | | $862.84 |
| Christopher Wetjen | | 0.00% | $0.00 | $0.00 | | $0.00 |
| Colin Stone | | 0.00% | $0.00 | $0.00 | | $0.00 |
| Conrado Gomes | | 1.92% | $673.94 | $336.97 | | $1,010.92 |
| Dean VandenBurg | Yes | 1.36% | $429.27 | $286.18 | $800.00 | $1,515.45 |
| Efren Estrada | | 1.76% | $618.32 | $309.16 | | $927.48 |
| Eric Williams | | 1.91% | $671.37 | $335.68 | | $1,007.05 |
| Israel Esquivel | | 2.00% | $701.43 | $350.72 | | $1,052.15 |
| James Kieck | | 1.88% | $660.41 | $330.20 | | $990.61 |
| Jamie Bolcerek | | 0.99% | $347.66 | $173.83 | | $521.49 |
| Jason Underwood | | 0.00% | $0.00 | $0.00 | | $0.00 |
| Jay Frohwirth | | 0.55% | $191.75 | $95.87 | | $287.62 |
| Jeremy Walters | | 0.84% | $294.01 | $147.00 | | $441.01 |
| Jernaria Reynolds | | 0.80% | $281.53 | $140.77 | | $422.30 |
| Jessee Forbes | | 0.34% | $119.65 | $59.82 | | $179.47 |
| Jianzhong Gao | | 0.20% | $70.43 | $35.21 | | $105.64 |
| Jill Holmes | Yes | 0.28% | $88.84 | $59.23 | $200.00 | $348.06 |
| John Horton | | 0.26% | $89.93 | $44.96 | | $134.89 |
| Jonathan Liston | | 0.54% | $191.09 | $95.54 | | $286.63 |
| Jose Rosales | | 2.70% | $949.61 | $474.81 | | $1,424.42 |
| Josh Walters | | 7.68% | $2,696.44 | $1,348.22 | | $4,044.66 |
| Juan Estrada | | 1.12% | $394.68 | $197.34 | | $592.02 |
| Justin Hofstetter | | 0.20% | $68.64 | $34.32 | | $102.95 |
| Kevin Korber | | 4.83% | $1,696.09 | $848.05 | | $2,544.14 |
| Kyle Burdick | | 0.77% | $269.82 | $134.91 | | $404.73 |
| Leng Yang | | 1.14% | $400.22 | $200.11 | | $600.33 |
| Leonardo Estrada | | 0.00% | $0.00 | $0.00 | | $0.00 |
| Loren Sanders | | 0.01% | $4.68 | $2.34 | | $7.01 |
| Mario Garcia | Yes | 2.68% | $847.11 | $564.74 | | $1,411.85 |
| Mark Gorecki | | 3.79% | $1,330.15 | $665.07 | | $1,995.22 |
| Marlon Webb | Yes | 0.33% | $105.91 | $70.61 | | $176.51 |
| Michelle Grohall | Yes | 5.28% | $1,668.27 | $1,112.18 | $400.00 | $3,180.46 |
| Miguel Limon | | 0.00% | $0.00 | $0.00 | | $0.00 |
| Miguel Rosario | | 2.97% | $1,042.71 | $521.36 | | $1,564.07 |
| Montrell Ellis | Yes | 1.45% | $459.60 | $306.40 | | $766.00 |
| Patrick Hanley | | 1.00% | $351.78 | $175.89 | | $527.67 |
| Phillip Moeckler | | 0.00% | $0.00 | $0.00 | | $0.00 |
| Reina Stovall | | 0.16% | $55.02 | $27.51 | | $82.54 |
| Ricardo Ortega | | 22.96% | $8,067.49 | $4,033.74 | | $12,101.23 |
| Sean Breske | | 0.00% | $0.00 | $0.00 | | $0.00 |
| Stephen Possi | Yes | 6.71% | $2,120.62 | $1,413.75 | $2,000.00 | $5,534.37 |
| Tammy Enevold | | 1.96% | $689.19 | $344.60 | | $1,033.79 |
| Thomas Murphy | | 3.95% | $1,386.09 | $693.04 | | $2,079.13 |
| Todd Johnson | | 2.92% | $1,024.11 | $512.05 | | $1,536.16 |
| Todd Redmann | | 0.48% | $169.56 | $84.78 | | $254.34 |
| Trisha Korber | | 1.78% | $625.24 | $312.62 | | $937.85 |
| Troy Orzechowski | | 0.18% | $62.48 | $31.24 | | $93.73 |
| Tyler Robinson | | 0.00% | $0.00 | $0.00 | | $0.00 |
| Yang Paul | | 0.00% | $0.00 | $0.00 | | $0.00 |
| **TOTALS** | | **100.00%** | **$34,437.87** | **$18,258.49** | **$3,400.00** | **$56,096.36** |
| | | | | | **ATTORNEYS' FEES/COSTS** | **$28,903.64** |
| | | | | | **TOTAL SETTLEMENT** | **$85,000.00** |

| | |
|---|---|
| TOTAL SETTLEMENT | $85,000.00 |
| ATTORNEYS' FEES AND COSTS | $28,903.64 |
| SP - SERVICE PAYMENT | $2,000.00 |
| DV - SERVICE PAYMENT | $800.00 |
| MG - SERVICE PAYMENT | $400.00 |
| JH - SERVICE PAYMENT | $200.00 |
| NET TO CLASS | $52,696.36 |
| TOTAL SETTLEMENT | $85,000.00 |

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

STEPHEN POSSI,
**individually and on behalf of
all others similarly situated,**

      **Plaintiff,**                  **CASE NO. 19-CV-01599**

   **v.**

**SYNERGY INDUSTRIAL CORPORATION,**

**WARREN K. HAEBERLE,**

   **and**

**BRIAN DEMURI HAEBERLE,**

      **Defendants.**

## JOINT STIPULATION TO CLASS CERTIFICATION

The Parties, by and through their Counsel, submit this Joint Stipulation to Certify a Class Action Pursuant to FED. R. CIV. P. 23. This stipulation is entered into, and the class is certified, only as a condition of and for purposes of the settlement reached between the Parties. The Parties, through negotiation, reached a settlement in this case on March 26, 2020. In connection with this settlement, the Parties agreed to stipulate to class certification of the proposed Rule 23 Class defined below, for settlement purposes only.

1.  The Parties stipulate to certify a class action under Rule 23 of the

Federal Rules of Civil Procedure; that class is defined as:

> All persons who are or have been employed as hourly
> employees by Synergy between October 30, 2017, and
> March 26, 2020, whose names appear on Exhibit A to this
> Agreement and who do not exclude themselves from the
> Agreement.

2.  The Parties stipulate and agree that the requisites for establishing

Rule 23 Class certification have been met and are met with respect to the Rule 23

Class.  More specifically, the Parties stipulate and agree that:

  a. The Rule 23 Class is so numerous as to make it impracticable to join

   all putative class members;

  b. There are common questions of law and fact, including but not limited

   to:

    i.  Whether Synergy failed to properly pay Plaintiff Possi

     and members of the Rule 23 Class overtime

     compensation, as alleged in the Complaint; and

    ii.  The proper measure of damages sustained by Plaintiff

     Possi and members of the putative class.

  b.  Plaintiff Possi has claims typical of the claims of the Rule 23

    Class in that he was employed by Synergy as an hourly

    employee between October 30, 2017, and March 26, 2020, and he

    and the Rule 23 Class claim Synergy allegedly failed to properly

pay overtime compensation, in violation of Wisconsin law, as provided in the Complaint.

c.     Plaintiff Possi and Plaintiffs' Counsel will fairly and adequately protect the interests of the class;

d.     The prosecution of separate actions by putative members of the Rule 23 Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct; and

e.     Questions of law and fact common to the members of the Rule 23 Class predominate over any questions affecting any individual member of the Rule 23 Class, and a class action is superior to other available means for the fair and efficient adjudication of this controversy.

3.     If the Parties' proposed settlement is not finally approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement and Release, this Stipulation and the Court's Order as to this Stipulation shall be vacated without further order of the Court, all contentions in support of settlement and certification shall be null and void, and the Parties will request new deadlines from the Court.

Dated this 7th day of May, 2020.

Respectfully submitted,                          Respectfully Submitted,

 *s/ Sean M. Sculen*                              *s/ Summer H. Murshid*
Sean M. Scullen, SBN 1034221             Summer H. Murshid, SBN 1075404
sean.scullen@quarles.com                   smurshid@hq-law.com
Steven M. Kruzel, SBN 1086539           Larry A. Johnson, SBN 1056619
steven.kruzel@quarles.com                  ljohnson@hq-law.com
                                                         Timothy P. Maynard, SBN 1080953
                                                         tmaynard@hq-law.com


**Quarles & Brady LLP**                        **Hawks Quindel, S.C.**
411 East Wisconsin Avenue                    222 E. Erie Street
Suite 2350                                           Suite 210
Milwaukee, WI 53202-4426                   Milwaukee, WI 53202
(414) 277-5000 (office)                          (414) 271-8650 (office)
(414) 271-3552 (facsimile)                      (414) 271-8442 (facsimile)

**Attorneys for Defendant**                   **Attorneys for Plaintiffs**

QB\62965075.1

# LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**THIS IS NOT AN ADVERTISEMENT OR ATTORNEY SOLICITATION. THIS NOTICE HAS BEEN APPROVED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN AND CONTAINS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.**

This notice is being sent pursuant to a proposed settlement of the following class action lawsuit pending in the U.S. District Court for the Eastern District of Wisconsin:

## *Possi v. Synergy, et al., 19-CV-01599*

---

### A.   WHAT IS THIS NOTICE FOR?

This notice is to inform you that:

- You are **entitled to a total of [AMOUNT]** under the terms of the proposed Settlement.

- You **may exclude yourself or object** to the proposed Settlement by following the instructions in Section G.  If you exclude yourself, you will not receive any portion of the Settlement or release any legal claims; and

- The **Court will hold a fairness hearing** about the Settlement on [DATE], 2020, which you may attend.

### B.   WHAT IS THIS LAWSUIT ABOUT?

Stephen Possi brought a complaint against Synergy Industrial Corporation, Warren K. Haeberle and Brian Demura Haeberle (collectively the "Defendants"), claiming that Synergy violated the law by failing to pay overtime wages for the period between October 30, 2016 and March 26, 2020. Defendants deny these allegations.

The complaint alleges violations of both Wisconsin and federal law (FLSA) and seeks back pay, liquidated damages, civil penalties, and attorneys' fees and costs.

### C.   WHAT DOES THE SETTLEMENT DO?

The proposed Settlement resolves the claims before the Court decides which side is right.

As part of the Settlement, Synergy has agreed to pay **$85,000.00 ("Settlement Fund")** to resolve this lawsuit.  That amount resolves the alleged state and/or local law claims of Class Members in this action, including attorneys' fees, costs, service payments, unpaid wages, and liquidated damages/civil penalties.  Service payments will be requested for Stephen Possi, Dean VandenBurg, Michelle Grohall and Jill Holms in the amounts of $2,000.00, $800.00, $400.00 and $200.00, respectively, for their work in assisting in the litigation and ultimate resolution of this matter.

### D.   AM I AFFECTED?

You received this Notice because Synergy's records show that you were an hourly employee between October 30, 2016, and March 26, 2020.

If the Court approves the Settlement, your rights will be affected.  **Review your options in Section G** to determine what you would like to do.

### E.   DO I HAVE AN ATTORNEY IN THIS CASE?

The Court has appointed attorneys Larry A. Johnson, Summer H. Murshid, and Timothy P. Maynard of **Hawks Quindel, S.C.** as Class Counsel.

Participating Class Members will not be required to make any payments to Class Counsel for any of the litigation costs from their individual settlement amounts identified in this Notice.  If the Settlement is approved, Class Counsel will request the Court to award $28,903.64 in attorneys' fees and costs out of the Settlement Fund.

### F.   IF I PARTICIPATE, DO I NEED TO WORRY ABOUT RETALIATION?

Synergy **cannot terminate your employment, or treat you any differently** because of your participation in, or exclusion from, the Settlement.

| **G.** | **WHAT ARE MY OPTIONS?** |
| --- | --- |

1. <u>Do Nothing</u>.

   If you do nothing, you will automatically receive checks that total [**AMOUNT**] (subject to appropriate tax withholdings).

2. <u>Exclude Yourself from Settlement</u>.

   If you do not want to receive any funds, and you do not want to release your claims, you may exclude yourself.  To do so, you must send correspondence to Class Counsel which includes: 1) your full name; 2) your address & telephone number; 3) a specific statement that you wish to exclude yourself from this Settlement, and 4) your signature. Your exclusion *must* be received by Class Counsel by [**DATE 30 Days from Mailing**].

3. <u>Comment About, or Object to, the Settlement</u>.

   You can object to the settlement by filing a notice with the Court by [**DATE 30 days from Mailing**]. Mail your objection to United States Courthouse, Room 242, 517 E. Wisconsin Avenue, Milwaukee, WI 53202. You must state why you object, whether you plan to attend the fairness hearing, who your lawyer will be, and who you will call as a witness in support of your objection.  You must sign and date your objection.  You must also send a copy of your objection Class Counsel at the address listed in Section H and Defendants' Counsel: Attorney Sean Scullen, Quarles & Brady LLP, 411 East Wisconsin Avenue, Suite 2400 Milwaukee, WI 53202

| **H.** | **WHERE CAN I GET MORE INFORMATION?** |
| --- | --- |

If you have additional questions or need additional information, please contact:

---

### Class Counsel
Hawks Quindel, S.C.
Attn: Summer Murshid
222 East Erie Street, Suite 210
Milwaukee, Wisconsin 53201
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email: smurshid@hq-law.com
www.hq-law.com

---

<u>***PLEASE NOTE***</u>*: Inquiries for additional information or advice should* <u>***NOT***</u> *be directed to the Court or Defendants' Counsel.  You may hire an attorney other than Class Counsel to discuss your rights under the Settlement if you choose.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

**STEPHEN POSSI,**
**individually and on behalf of**
**all others similarly situated,**

      **Plaintiff,**                        **CASE NO. 19-CV-01599**

    **v.**

**SYNERGY INDUSTRIAL CORPORATION,**

**WARREN K. HAEBERLE,**

    **and**

**BRIAN DEMURI HAEBERLE,**

      **Defendants.**

## PROPOSED FINAL ORDER OF DISMISSAL AND
## ENTRY OF MANDATORY INJUNCTION

On April 30, 2020, the Parties filed a Joint Motion for Approval of Collective

Action Settlement Agreement, Award of Attorneys' Fees and Costs, and Entry of

Mandatory Injunction and explained why they believe the settlement agreement

reflects a reasonable compromise of the disputed issues.  (ECF No. XX.)  The

Parties' Settlement Agreement ("Settlement Agreement") was attached to their

motion. (ECF No. XX-1.)  The Parties agreed that this case has been settled and

that all issues and controversies have been resolved to their mutual satisfaction.

The Parties have requested the Court to retain jurisdiction to enforce the terms of

QB\62965218.1

their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

IT IS HEREBY ORDERED:

1.     The Settlement Agreement (ECF No. XX-1) is fair, reasonable, and reflects a reasonable compromise of bona fide disputes between the Parties and GRANTS the Parties' Joint Motion for Approval of Collective Action Settlement, Award of Attorneys' Fees and Costs, and Entry of Mandatory Injunction.

2.     The Court finds that Plaintiff's Counsel's attorneys' fees and costs are reasonable and fair and grants that request, and awards Hawks Quindel, S.C. $28,903.64 in attorneys' fees and costs.

3.     The Parties shall comply with the terms of their Settlement Agreement entered.  The Court orders Synergy to make the settlement payments pursuant to the schedule in this order.

4.     Specifically, the Court ENTERS a mandatory injunction requiring Defendants to deliver payments to Plaintiff, the Collective Class Members identified below, in the following amounts, and pursuant to the following schedules:

| Name | W2 PAYMENT | 1099 PAYMENT | SERVICE PAYMENT - 1099 | TOTAL |
|---|---|---|---|---|
| Adrian Hernandez | $946.15 | $473.08 | | $1,419.23 |
| Alejandro Limon | $634.59 | $317.29 | | $951.88 |
| Andrea Davis | $174.27 | $87.14 | | $261.41 |
| Angel Mendoza | $250.02 | $125.01 | | $375.03 |
| Christian Carrau | $517.70 | $345.13 | | $862.84 |
| Christopher Wetjen | $0.00 | $0.00 | | $0.00 |
| Colin Stone | $0.00 | $0.00 | | $0.00 |
| Conrado Gomes | $673.94 | $336.97 | | $1,010.92 |
| Dean VandenBurg | $429.27 | $286.18 | $800.00 | $1,515.45 |

QB\62965218.1

| Name | Amount 1 | Amount 2 | Amount 3 | Total |
|---|---|---|---|---|
| Efren Estrada | $618.32 | $309.16 | | $927.48 |
| Eric Williams | $671.37 | $335.68 | | $1,007.05 |
| Israel Esquivel | $701.43 | $350.72 | | $1,052.15 |
| James Kieck | $660.41 | $330.20 | | $990.61 |
| Jamie Bolcerek | $347.66 | $173.83 | | $521.49 |
| Jason Underwood | $0.00 | $0.00 | | $0.00 |
| Jay Frohwirth | $191.75 | $95.87 | | $287.62 |
| Jeremy Walters | $294.01 | $147.00 | | $441.01 |
| Jernaria Reynolds | $281.53 | $140.77 | | $422.30 |
| Jessee Forbes | $119.65 | $59.82 | | $179.47 |
| Jianzhong Gao | $70.43 | $35.21 | | $105.64 |
| Jill Holmes | $88.84 | $59.23 | $200.00 | $348.06 |
| John Horton | $89.93 | $44.96 | | $134.89 |
| Jonathan Liston | $191.09 | $95.54 | | $286.63 |
| Jose Rosales | $949.61 | $474.81 | | $1,424.42 |
| Josh Walters | $2,696.44 | $1,348.22 | | $4,044.66 |
| Juan Estrada | $394.68 | $197.34 | | $592.02 |
| Justin Hofstetter | $68.64 | $34.32 | | $102.95 |
| Kevin Korber | $1,696.09 | $848.05 | | $2,544.14 |
| Kyle Burdick | $269.82 | $134.91 | | $404.73 |
| Leng Yang | $400.22 | $200.11 | | $600.33 |
| Leonardo Estrada | $0.00 | $0.00 | | $0.00 |
| Loren Sanders | $4.68 | $2.34 | | $7.01 |
| Mario Garcia | $847.11 | $564.74 | | $1,411.85 |
| Mark Gorecki | $1,330.15 | $665.07 | | $1,995.22 |
| Marlon Webb | $105.91 | $70.61 | | $176.51 |
| Michelle Grohall | $1,668.27 | $1,112.18 | $400.00 | $3,180.46 |
| Miguel Limon | $0.00 | $0.00 | | $0.00 |
| Miguel Rosario | $1,042.71 | $521.36 | | $1,564.07 |
| Montrell Ellis | $459.60 | $306.40 | | $766.00 |
| Patrick Hanley | $351.78 | $175.89 | | $527.67 |
| Phillip Moeckler | $0.00 | $0.00 | | $0.00 |
| Reina Stovall | $55.02 | $27.51 | | $82.54 |
| Ricardo Ortega | $8,067.49 | $4,033.74 | | $12,101.23 |
| Sean Breske | $0.00 | $0.00 | | $0.00 |
| Stephen Possi | $2,120.62 | $1,413.75 | $2,000.00 | $5,534.37 |
| Tammy  Enevold | $689.19 | $344.60 | | $1,033.79 |
| Thomas Murphy | $1,386.09 | $693.04 | | $2,079.13 |
| Todd Johnson | $1,024.11 | $512.05 | | $1,536.16 |
| Todd Redmann | $169.56 | $84.78 | | $254.34 |
| Trisha Korber | $625.24 | $312.62 | | $937.85 |

| Troy Orzechowski | $62.48 | $31.24 | | $93.73 |
|---|---|---|---|---|
| Tyler Robinson | $0.00 | $0.00 | | $0.00 |
| Yang Paul | $0.00 | $0.00 | | $0.00 |
| **TOTALS** | **$34,437.87** | **$18,258.49** | **$3,400.00** | **$56,096.36** |
| | | | **ATTORNEYS' FEES/COSTS** | **$28,903.64** |
| | | | **TOTAL SETTLEMENT** | **$85,000.00** |

5.      The Court ORDERS Defendants to deliver the above payments to

Class Counsel, at the following address, by the end of business on the date in the

above schedule or, if the date above falls on a weekend, the following business day:

> Summer H. Murshid
> Hawks Quindel, S.C.
> 222 East Erie Street, Suite 210
> Milwaukee, WI 53201

6.      By consent of the Parties, the Court shall retain jurisdiction for the

sole-purpose of enforcing the terms of the settlement agreement and the mandatory

injunction contained herein.

7.      Except as provided for in paragraphs 1 through 6 above, this case is

dismissed with prejudice.  Each party shall bear its own attorneys' fees and costs

not otherwise provided for the Settlement Agreement or this order.

Dated at Milwaukee, Wisconsin, this __ day of _____, 2020.

BY THE COURT:


J.P. Stadtmueller
U.S. Magistrate Judge