**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| STEPHEN POSSI, *individually and on behalf of all those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SYNERGY INDUSTRIAL CORPORATION, WARREN K. HAEBERLE, and BRIAN DEMURI HAEBERLE,<br><br>Defendants. | Case No. 19-CV-1599-JPS<br><br>**ORDER** |

       In May 2020, the parties resolved this class and collective action. (Docket #25). The Court subsequently granted the parties' joint motion for preliminary approval of the parties' class and collective action settlement. (Docket #30). On August 24, 2020, Plaintiff's counsel filed a motion for attorneys' fees and costs. (Docket #31). Plaintiff's counsel later filed an unopposed motion for final approval of the settlement. (Docket #35).

       Upon notice to the class members, the Court convened a settlement approval and fairness hearing on November 4, 2020. Seeing that no class members objected to the settlement, the parties sought final approval of the same. The Court has reviewed the final order approving settlement and approves of it. Thus, the Court will grant Plaintiff's unopposed motion for approval and substantially adopts the parties' final order of dismissal and entry of mandatory injunction. (Docket #35 and #35-1). At this juncture, the Court also grants Plaintiff's motion for attorneys' fees and costs. (Docket #31).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees and costs (Docket #31) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's unopposed motion for final approval of the collective and class action settlement (Docket #35) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Plaintiff's proposed final order of dismissal and entry of mandatory injunction (Docket #35-1) be and the same is hereby **ADOPTED**, to the extent reflected in the balance of this Order;

**IT IS FURTHER ORDERED** that:

1. The Settlement Agreement (Docket #25-1) is fair, reasonable, and reflects a reasonable compromise of bona fide disputes between the parties.

2. Plaintiff's Counsel's attorneys' fees and costs are reasonable and fair and Hawks Quindel, S.C. is **AWARDED** $28,903.64 in attorneys' fees and costs.

3. The parties shall comply with the terms of their Settlement Agreement. Defendants shall make the settlement payments pursuant to the schedule below.

4. In light of the foregoing, the Court **ENTERS** a mandatory injunction requiring Defendants to make payments to Plaintiff and the Collective Class Members and the Rule 23 Class Members identified below, in the following amounts pursuant to the schedule below:

| Name | W2 PAYMENT | 1099 PAYMENT | SERVICE PAYMENT - 1099 | TOTAL |
|---|---|---|---|---|
| Adrian Hernandez | $946.15 | $473.08 | | **$1,419.23** |
| Alejandro Limon | $634.59 | $317.29 | | **$951.88** |
| Andrea Davis | $174.27 | $87.14 | | **$261.41** |
| Angel Mendoza | $250.02 | $125.01 | | **$375.03** |
| Christian Carrau | $517.70 | $345.13 | | **$862.84** |

| Name | | | | |
|---|---|---|---|---|
| Christopher Wetjen | $0.00 | $0.00 | | $0.00 |
| Colin Stone | $0.00 | $0.00 | | $0.00 |
| Conrado Gomes | $673.94 | $336.97 | | $1,010.92 |
| Dean VandenBurg | $429.27 | $286.18 | $800.00 | $1,515.45 |
| Efren Estrada | $618.32 | $309.16 | | $927.48 |
| Eric Williams | $671.37 | $335.68 | | $1,007.05 |
| Israel Esquivel | $701.43 | $350.72 | | $1,052.15 |
| James Kieck | $660.41 | $330.20 | | $990.61 |
| Jamie Bolcerek | $347.66 | $173.83 | | $521.49 |
| Jason Underwood | $0.00 | $0.00 | | $0.00 |
| Jay Frohwirth | $191.75 | $95.87 | | $287.62 |
| Jeremy Walters | $294.01 | $147.00 | | $441.01 |
| Jernaria Reynolds | $281.53 | $140.77 | | $422.30 |
| Jessee Forbes | $119.65 | $59.82 | | $179.47 |
| Jianzhong Gao | $70.43 | $35.21 | | $105.64 |
| Jill Holmes | $88.84 | $59.23 | $200.00 | $348.06 |
| John Horton | $89.93 | $44.96 | | $134.89 |
| Jonathan Liston | $191.09 | $95.54 | | $286.63 |
| Jose Rosales | $949.61 | $474.81 | | $1,424.42 |
| Josh Walters | $2,696.44 | $1,348.22 | | $4,044.66 |
| Juan Estrada | $394.68 | $197.34 | | $592.02 |
| Justin Hofstetter | $68.64 | $34.32 | | $102.95 |
| Kevin Korber | $1,696.09 | $848.05 | | $2,544.14 |
| Kyle Burdick | $269.82 | $134.91 | | $404.73 |
| Leng Yang | $400.22 | $200.11 | | $600.33 |
| Leonardo Estrada | $0.00 | $0.00 | | $0.00 |
| Loren Sanders | $4.68 | $2.34 | | $7.01 |
| Mario Garcia | $847.11 | $564.74 | | $1,411.85 |
| Mark Gorecki | $1,330.15 | $665.07 | | $1,995.22 |
| Marlon Webb | $105.91 | $70.61 | | $176.51 |
| Michelle Grohall | $1,668.27 | $1,112.18 | $400.00 | $3,180.46 |
| Miguel Limon | $0.00 | $0.00 | | $0.00 |
| Miguel Rosario | $1,042.71 | $521.36 | | $1,564.07 |
| Montrell Ellis | $459.60 | $306.40 | | $766.00 |
| Patrick Hanley | $351.78 | $175.89 | | $527.67 |
| Phillip Moeckler | $0.00 | $0.00 | | $0.00 |
| Reina Stovall | $55.02 | $27.51 | | $82.54 |
| Ricardo Ortega | $8,067.49 | $4,033.74 | | $12,101.23 |
| Sean Breske | $0.00 | $0.00 | | $0.00 |
| Stephen Possi | $2,120.62 | $1,413.75 | $2,000.00 | $5,534.37 |
| Tammy Enevold | $689.19 | $344.60 | | $1,033.79 |
| Thomas Murphy | $1,386.09 | $693.04 | | $2,079.13 |
| Todd Johnson | $1,024.11 | $512.05 | | $1,536.16 |
| Todd Redmann | $169.56 | $84.78 | | $254.34 |

| | | | | |
|---|---|---|---|---|
| Trisha Korber | $625.24 | $312.62 | | $937.85 |
| Troy Orzechowski | $62.48 | $31.24 | | $93.73 |
| Tyler Robinson | $0.00 | $0.00 | | $0.00 |
| Yang Paul | $0.00 | $0.00 | | $0.00 |
| **TOTALS** | **$34,437.87** | **$18,258.49** | **$3,400.00** | **$56,096.36** |
| | | | **ATTORNEYS' FEES/COSTS** | **$28,903.64** |
| | | | **TOTAL SETTLEMENT** | **$85,000.00** |

5. Defendants shall deliver the above payments to Class Counsel, at the following address, within thirty days of the date of this order. However, if the aforementioned date falls on a weekend or holiday, Defendants shall deliver payment no later than the following business day:

> Summer H. Murshid
> Hawks Quindel, S.C.
> 222 East Erie Street, Suite 210
> Milwaukee, WI 53201

6. Pursuant to the parties' consent, the Court shall retain jurisdiction for the sole purpose of enforcing the terms of the Settlement Agreement and the mandatory injunction contained herein.

**IT IS FURTHER ORDERED** that, except as necessary to enforce the terms of the Settlement Agreement and mandatory injunction entered, this case be and the same is hereby **DISMISSED with prejudice**, with each party to bear its own attorneys' fees and costs, except as provided for in the Settlement Agreement or this Order.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge